ACCEPTED
15-25-00134-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/2/2025 5:01 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00134-CV

IN THE FIFTHTEENTH COURT OF APPEALS OF TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/2/2025 5:01:21 PM
CHRISTOPHER A. PRINE
Clerk

**TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND**
*Appellant/Cross-Appellee*

**vs.**

**SOUTHWEST TEXAS JUNIOR COLLEGE**
*Appellee/Cross-Appellant*

Appeal from the 38th Judicial District Court
Uvalde County, Texas, No. 2023-11-35269-CV
The Honorable Kelley T. Kimble, Presiding Judge

## APPELLEE/CROSS APPELLANT'S BRIEF

Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Andrew D. Spadoni
State Bar No. 24109198
aspadoni@dcclawfirm.com
**DUGAS & CIRCELLI, PLLC**
4800 Bryant Irvin Ct.
Fort Worth, Texas 76107
Telephone: (817) 817-7000
Facsimile: (682) 219-0761
**ATTORNEYS FOR APPELLEE**

## IDENTITIES OF PARTIES AND COUNSEL

**Appellant:**

**Texas Association of School Boards Risk Management Fund**

Jack W. Higdon (Trial and Appellate)
State Bar No. 24007360
jack.higdon@blankrome.com
Barry Abrams (Appellate)
State Bar No. 00822700
barry.abrams@blankrome.com
Joshua A. Huber (Appellate)
State Bar No. 24065457
josh.huber@blankrome.com
Gregory J. Moore (Trial)
State Bar No. 24055999
greg.moore@blankrome.com
Christopher W. Caudill (Trial)
State Bar No. 24104717
christopher.caudill@blankrome.com

BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002-2727

Clarissa M. Rodriguez
State Bar No. 24056222
cmrodriguez@rampagelaw.com
Lori Hanson
State Bar No. 21128500
lwhanson@rampagelaw.com

DENTON NAVARRO RODRIGUEZ
BERNAL SANTEE & ZECH, P.C.
2517 N. Main Avenue
San Antonio, Texas 78212

i

**Appellee:**

**Southwest Texas Junior College**

**Counsel:**

Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Andrew D. Spadoni
State Bar No. 24109198
aspadoni@dcclawfirm.com

DUGAS & CIRCELLI, PLLC
4800 Bryant Irvin Ct.
Fort Worth, Texas 76107
Telephone: (817) 817-7000
Facsimile: (682) 219-0761

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iv

I.  STATEMENT OF THE CASE ........................................................................2

II.  THE RECORD ..............................................................................................4

III.  ISSUES PRESENTED....................................................................................5

IV.  STATEMENT OF FACTS .............................................................................6

V.  SUMMARY OF THE ARGUMENTS ...........................................................10

VI.  STANDARD OF REVIEW ...........................................................................13

VII.  ARGUMENTS & AUTHORITIES ...............................................................15

    A.  The College's Breach of Contract Claim Falls within the waiver
    of Immunity for State Contracts allowing recovery pursuant to
    the statute. ...............................................................................................15

    B.  The College's sole cause of action before the District Court was
    the College's breach of contract claim for which immunity has
    been waived. .............................................................................................18

    C.  Delay damages sought by the College are explicitly allowed
    under the Act.............................................................................................20

        1.  *The Statute expressly allows for delay damages.*................................21

        2.  *"Owner-caused delays" encompass TASB's actions.*.........................23

    D.  *Zachry* only disagreed with *City of Mesquite* to the extent it
    allowed damages not waived under the statute; but *Zachry* still
    permits claims for increased construction costs due to delay. ..................25

CONCLUSON & PRAYER ....................................................................................32

CERTIFICATE OF COMPLIANCE.......................................................................34

CERTIFICATE OF SERVICE ...............................................................................35

APPENDIX.............................................................................................................37

# TABLE OF AUTHORITIES

## Cases

*Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755 (Tex. 2018) ................14

*Baylor Cnty. Special Util. Dist. v. City of Seymour*, 709 S.W.3d 5 (Tex. App.—Eastland 2025, pet. filed) ........................................................ 13, 14

*Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Casualty Joint Self-Insurance Fund*, 212 S.W.3d 320 (Tex. 2006) ................................................................................................ 16, 17

*City of Corpus Christi v. Graham Constr. Services, Inc.*, No. 13-19-00367-CV, 2020 WL 3478661 (Tex. App.—Corpus Christi–Edinburg June 25, 2020, pet. denied) ................................................ 23, 24, 25, 30

*City of Mesquite v. PKG Contracting, Inc.*, 263 S.W.3d 444 (Tex. App.—Dallas 2008, pet. denied) ................................................................30

*Garland Indep. Sch. Dist. v. Reeder Gen. Contractors, Inc.*, No. 05-22-00855-CV, 2024 WL 1208304 (Tex. App.—Dallas Mar. 21, 2024, pet. denied) ................................................................................................11

*Primestar Constr., Inc. v. City of Dallas*, No. 05-17-01447-CV, 2019 WL 1033978 (Tex. App.—Dallas Mar. 5, 2019, pet. denied) .............................32

*San Antonio River Auth. v. Austin Bridge & Rd., L.P.*, 601 S.W.3d 616 (Tex. 2020) ................................................................................................32

*Tex. Ass'n of Sch. Boards Risk Mgmt. Fund v. Colorado Indep. Sch. Dist.*, 660 S.W.3d 767 (Tex. App.—Eastland 2023, no pet.)................................. passim

*Tex. Ass'n of Sch. Boards Risk Mgmt. Fund v. Greenville Indep. Sch. Dist.*, No. 05-21-01012-CV, 2022 WL 2816532 (Tex. App.—Dallas July 19, 2022, pet. denied) ................................................................................14

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004). 13, 15, 25

*Tex. Natural Res. Conservation Comm'n v. ITDavy*, 74 S.W.3d 849 (Tex. 2002) ................................................................................................14

**Statutes**

Tex. Loc. Gov't Code § 271.152 ................................................................. 7, 16, 27

Tex. Loc. Gov't Code § 271.153 .....................................................................9, 21

# **STATEMENT REGARDING ORAL ARGUMENT**

Appellee/Cross-Appellant respectfully states oral argument is unnecessary pursuant to Rule 39.1(b)-(d) and will not aid the Court for the following reasons:

(1)     The facts and legal arguments are adequately presented in the briefs and record.

(2)     The decisional process would not be significantly aided by oral argument given the clear mandate from the Legislature.

1

## STATEMENT OF THE CASE

**Nature of the Case:** This interlocutory appeal arises out of the partial granting of a partial plea to the jurisdiction presented by an intergovernmental self-insurance risk pool, Texas Association of School Boards Risk Management Fund (hereinafter "TASB" or "the Fund"). The case concerns TASB's breach of contract for failure to pay amounts due to repair property damage of Southwest Texas Junior College ("SWTJC" or "the College") under a property coverage agreement that functions similar to an insurance contract. Because of TASB's failure to comply with the Policy in paying the amount owed for covered property damages, the College filed a breach of contract action against TASB asking for actual damages, attorney's fees, and consequential delay damages for the increased cost of construction due to the delayed payment due under the Policy.

**Procedure of the Case:** The College sued TASB on November 17, 2023. TASB asserted its governmental immunity from suit in a partial plea to the jurisdiction on June 13, 2025 ("Jurisdictional Plea"). CR 31.

The College responded to TASB's Jurisdictional Plea on July 15, 2025. The trial court held a hearing on TASB's Jurisdictional Plea and the College's MSJ on July 21, 2025. The trial court partially denied and partially granted TASB's partial plea to the jurisdiction in an order signed on July, 30 2025. Supp. CR 3–4.

**Trial Court:** The 38th Judicial District Court of Uvalde County, Texas, Honorable Kelley T. Kimble, Presiding Judge. The underlying cause of cause is docketed by the District Court as Cause No. 2023-11-35269-CV.

**Trial Court Disposition:** The trial court partially denied and partially granted TASB's plea to the jurisdiction in an order signed on July 29, 2025. Supp. CR 3–4.

## II.

## THE RECORD

The record consists of two sets of the Clerk's Record, an original Clerk's Record and a Supplemental Clerk's Record, containing the filings, orders and other contents of the district court's docket and a Reporter's Record containing the transcript of a hearing, both in .pdf format. Citations to the Original Clerk's Record will be in the form "CR{Page(s)}". Citations to the Supplemental Clerk's Record will be in the form of "Supp. CR{Page(s)}". Finally, citation to the Reporter's Record as "RR{Page(s)}", where the page designations shall be to the electronic pagination of the .pdf file for record for ease of location.

## III.

## ISSUES PRESENTED

The only issue in Appellee/cross-Appellant's interlocutory appeal is:

**Issue 1:** Does the plain language of the TEX. LOC. GOV'T CODE §§ 271.153(a)(1), (b)(1), (c) permit the College to seek consequential "delay" damages available under Texas common law breach of contract claims for "any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration."

# IV.

## STATEMENT OF FACTS

This interlocutory appeal is taken from the partial granting of a partial plea to the jurisdiction based on the pleadings.[1] When a plea to the jurisdiction challenges only the pleadings, this Court determines "if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear and decide the cause" accepting the allegations in the pleadings as true and "liberally constru[ing] the pleadings, accept as true all factual assertions, and look to the pleader's intent."[2]

Those pleaded facts are as follows:

The College owns real property in Uvalde, Uvalde County, Texas that include multiple buildings (the "Property").[3] The College's Property was insured at the time under a coverage agreement issued by TASB that functions as a policy of insurance.[4] The policy is issued under the auspices of an interlocal agreement by which the College became a member of TASB originally executed in August 2012.[5] TASB is a risk sharing pool among various local government subdivisions operating under

---

[1] *See* CR 137–138.

[2] *Tex. Ass'n of Sch. Boards Risk Mgmt. Fund v. Colorado Indep. Sch. Dist.*, 660 S.W.3d 767, 771 (Tex. App.—Eastland 2023, no pet.).

[3] CR 5.

[4] *See* CR 6 ("TASB and Plaintiff entered into a contract" for insurance coverage for property damaged); *see also* CR 9–10.

[5] CR 6; *see also* CR 56–60.

the Texas Interlocal Cooperation Act.[6]

The College's Property was hit by a significant wind and hail-storm on or about April 28, 2021 during the coverage period with TASB.[7] The College immediately notified TASB of the loss that same day (the "Claim").[8] TASB assigned a staff adjuster with TASB to administer the Claim.[9] TASB then assigned the investigation of the Claim to a private insurance adjusting company and others to adjust the claim on TASB's behalf.[10]

TASB purported to investigate the Claim but ultimately determined the majority of the College's Property was not damaged as a result of the hail storm.[11] Following TASB's decision the College sued TASB on November 17, 2023 solely for breach of contract alleging the insurance policy was a contract that fell within the statutory waiver of sovereign immunity that permits the prosecution of breach of contract actions against governmental entities.[12] The College's Original Petition asserted factual allegations describing TASB's actions and conduct that gave rise to

---

[6] CR 56–60; CR 31–32 (admitting the "Fund" or TASB is "a governmental unit formed under the Texas Interlocal Cooperation Act.").

[7] CR 9–10, 31.

[8] CR 10.

[9] *See* CR 10.

[10] CR 10.

[11] CR 11–12.

[12] CR 12–13; *see* TEX. LOC. GOV'T CODE § 271.152.

the College's breach of contract cause of action.[13]

The College also alleged that due to TASB's actions in failing to pay even close to the proper amount of owed for damages, that the College was excused from performing certain conditions under the Policy and that TASB even waived various other requirements for alleged conditions for payment of the coverage benefits under the insurance policy.[14] The College also alleged in its Original Petition that "[a]ll conditions precedent required under the Agreement and law [had] been performed" or that TASB had "excused [and] waived" conditions precedent in support of the College's breach of contract claim, and as a defense to TASB's likely affirmative defense of unsatisfied conditions precedent.[15]

Ultimately, the College filed suit against TASB asserting breach of contract as its sole cause of action against TASB.[16] The College sought actual damages for the breach (consisting of unpaid coverage benefits owed under the insurance policy, attorney's fees and interest).[17] In addition, the College also sought consequential "delay" damages for the "increased costs of construction and other related consequential damages" due to TASB's breach of the contract and delay in paying

---

[13] CR 8–13.

[14] *See* CR 11 at ¶30–31.

[15] CR 20 at ¶83.

[16] CR 12–13.

[17] CR 12–13.

the amount of damages owed to the College under the Policy as well as its improper actions.[18] Specifically, the College alleged that TASB's conduct in woefully underestimating the amount of the loss and refusal to recognize and pay the full amount of the damages owed under the Claim caused a substantial delay that resulted in the College's actual damages significantly increasing over time due to the increased costs of materials and labor.[19]

As a result of TASB's delays and breach of its contract with the College, the College is seeking damages **expressly permitted** under Section 271.153 of the Texas Local Government Code (allowing for recovery of consequential damages "for the increased cost to perform the work as a direct result of owner-caused delays . . . .").[20] This is exactly what the College pled and seeks as part of its damages model — "consequential damages (related to Plaintiff's inability to make necessary repairs, increased costs of construction and other related consequential damages)".[21] The damages the College seeks is directly related to TASB's delays as the owner and manager of the Fund and the increase in the cost of construction that was caused by those delays.[22]

---

[18] CR 11–12 at ¶¶34, 38–42.

[19] CR 11 at ¶¶30–34.

[20] *See* TEX. LOC. GOV'T CODE § 271.153(a)(1).

[21] CR 11 at ¶34.

[22] *See id.*

9

The 38th District Court found that the College's breach of contract claim **did fall** within the statute's waiver of immunity, that the factual allegations and defenses went to the merits of the College's breach of contract claim and were encompassed within the statute's waiver.[23] However, the trial court denied the College's right to consequential damages expressly allowed under Section 271.153 which this Court should correct and clarify that the consequential damages asserted in this lawsuit and as recognized as delay damages by statute are permitted under the law.[24]

## V.

## SUMMARY OF THE ARGUMENTS

Texas courts repeatedly acknowledge plaintiffs may pursue consequential damages for owner-caused delays in breach of contract suits against political subdivisions where the ultimate liability of the entity under the contract is in dispute:

- "Subsections (a)(1) and (b) [of section 271.153] allow recovery of contract damages, *including delay damages*… ."

   o *Zachry Const. Corp. v. Port of Houston Auth. of Harris Cnty.*, 449 S.W.3d 98, 112 (Tex. 2014) (emphasis added).

- "Reeder requested damages recoverable under § 271.153 because it sought . . . amounts for increased costs resulting from District-caused delays . . . , at this stage, Reeder has pleaded damages recoverable under § 271.153, and we do not here address whether it will be able to recover those damages" against the ultimate liability arguments.

---

[23] *See* CR 137–138.

[24] *See* CR 137.

- *See Garland Indep. Sch. Dist. v. Reeder Gen. Contractors, Inc.*, No. 05-22-00855-CV, 2024 WL 1208304, at *7–8 (Tex. App.—Dallas Mar. 21, 2024, pet. denied).

- "We cannot say on this record that PKG's claim for damages is **solely** for damages excluded by the statute."

  - *City of Mesquite v. PKG Contracting, Inc.*, 263 S.W.3d 444, 448 (Tex. App.—Dallas 2008, pet. denied) (emphasis added).

The College has asserted one cause of action against TASB — Breach of Contract. On this cause of action alone the College seeks to hold TASB accountable for its failure to comply with its obligations, representations, and promises pursuant to the Interlocal Participation Agreement and Property Coverage Agreement (the "Agreements").[25] Pursuant to the Agreements, TASB promised to pay for the amount of the "Direct Physical Loss (Loss) to Covered Property" that is in excess of all applicable deductibles and within the limits of coverage.[26]

TASB purported to investigate the College's Claim for a lengthy period of time before ultimately denying the overwhelming majority of the College's claim for covered damages, and this massive delay increased the College's breach of contract damages.[27] As a result, the College was forced to file its lawsuit against

---

[25] CR 6 at ¶3; CR 8–13; *see generally* CR 56–102 (Coverage Agreements).

[26] CR 12 at ¶37; CR 61 ("PROPERTY Risk of Direct Physical Loss to Buildings, Personal Property, and Other Structures"); CR 67 ("[T]he Fund agrees to pay the Fund Member over any deductible for Direct Physical Loss (Loss) to Covered Property.").

[27] CR 10–12.

TASB for breach of contract to recover the benefits owed pursuant to the Policy.[28] In doing so, the College made factual allegations and assertions that TASB's failure to pay the amount owed pursuant to the contract has resulted in damages that were a direct and foreseeable consequences of the breach, such as the increased costs for construction to repair the covered damages under the Agreement. As a result, the College plead that it was seeking consequential damages based on TASB's delays, including for these "increased costs of construction."[29]

Here, the statutory language clearly allows for the recovery of consequential damages as "Subsections (a)(1) and (b) [of section 271.153] allow recovery of contract damages, *including delay damages*… ." *Zachry Const. Corp. v. Port of Houston Auth. of Harris Cnty.*, 449 S.W.3d 98, 114–15 (Tex. 2014) (emphasis added). Plaintiff has made a claim for contract damages, and this necessarily includes delay damages that immediately precede the statutory grant. It is undisputed that Plaintiff's contract damages are viable, and therefore the inclusion of delay damages is not an expansion of the claim but rather the precise type of remedy the Legislature contemplated and authorized. At worst Plaintiff has presented clear evidence that its pleadings seek delay damages that the Texas legislature has specifically permitted recovery for, and at best, Plaintiff has established that delay

---

[28] CR 12–13.

[29] CR 11 at ¶34.

12

damages are inseparable from the contract damages claim itself and thus recoverable as a matter of law.

In summary, the College has alleged and shown that the College is seeking delay damages due to Defendant's failure to abide by the contract and failure to timely pay the College's damages claims. The Texas legislature included explicit language allowing for the recovery of delay damages under the Act and as such, the College is entitled to present evidence and recover these damages as permitted under the Act.

## VI.

## STANDARD OF REVIEW

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction.[30] "The purpose of a plea to the jurisdiction is to defeat *a pleaded cause of action* without reaching the merits."[31] "A plea to the jurisdiction can take two forms: (1) a challenge to the plaintiff's pleadings regarding the allegations of jurisdictional facts or (2) an evidentiary challenge to the existence of jurisdictional facts."[32]

"When the plea only challenges the plaintiff's pleadings, as in the case [here],

---

[30] *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–226 (Tex. 2004).

[31] *See Colorado ISD*, 660 S.W.3d 767, 771 (Tex. App.—Eastland 2023, no pet.) (emphasis added).

[32] *See Baylor Cnty. Special Util. Dist. v. City of Seymour*, 709 S.W.3d 5, 12 (Tex. App.—Eastland 2025, pet. filed).

[the Court] must determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear and decide the case."[33] Courts review "liberally constru[ing] the pleadings, accept[ing] as true all factual assertions, and look[ing] to the pleader's intent."[34] If the allegations raise a fact issue then "a trial court may not grant the plea because the fact finder must resolve the fact issue."[35] However, if there is no fact issue, then the trial court "will rule on the plea as a matter of law."[36] Ultimately, whether a court has subject matter jurisdiction is a question of law that is reviewed de novo.[37]

Here, TASB's jurisdictional plea does not challenge the existence of "jurisdictional facts" but instead challenged certain defenses and the availability of certain breach of contract damages plead in the face of the College's Petition.[38] Because TASB did not raise an evidentiary challenge to the existence of jurisdictional facts in its Partial Plea to the Jurisdiction, all that is before and to be

---

[33] *See Baylor Cnty. Special Util. Dist. v. City of Seymour*, 709 S.W.3d 5, 12 (Tex. App.—Eastland 2025, pet. filed); *see also Colorado Indep. Sch. Dist.*, 660 S.W.3d at 770–771 (noting TASB's plea to the jurisdiction was non-evidentiary challenge); *Greenville ISD*, 2022 WL 2816532, at *2 (same); *cf. Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 783 (Tex. 2018) (noting Alamo Heights' plea challenged jurisdictional facts by "producing evidence" challenging specific claims by plaintiff).

[34] *See Colorado Indep. Sch. Dist.*, 660 S.W.3d at 771.

[35] *Id.*

[36] *Id.*

[37] *See Tex. Natural Res. Conservation Comm'n v. ITDavy*, 74 S.W.3d 849, 855 (Tex. 2002).

[38] CR 37–45 (challenging the College's extracontractual claims, extra-contractual damages claims, and equitable relief claims allegedly made in the College's petition).

14

considered by this Court is to "determine if the [College] has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear and decide the cause."[39]

However, to the extent the trial Court's Order granting the College's Partial Motion for Summary Judgment raised a jurisdictional fact issue that Appellant has now appealed, then the proper standard for review mirrors that of a traditional summary judgment.[40]

## VII.

## ARGUMENTS & AUTHORITIES

### A.    The College's Breach of Contract Claim Falls within the waiver of Immunity for State Contracts allowing recovery of delay damages.

As an initial matter, the interlocal risk sharing pools like the one operated by TASB that controls here[41], and the trial court's jurisdiction for claims by a Fund Member of the agreement for non-payment of coverage benefits has already been addressed by the Texas Supreme Court in *Ben Bolt-Palito Blanco Consolidated Independent School District v. Texas Political Subdivisions Property/Casualty Joint*

---

[39] *See Colorado ISD*, 660 S.W.3d at 771.

[40] *See Miranda*, 133 S.W.3d at 225–26 ("[I]f the plaintiffs' factual allegations are challenged with supporting evidence necessary to consideration of the plea to the jurisdiction, to avoid dismissal plaintiffs must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction.").

[41] *See CR 56–66.

15

*Self-Insurance Fund.*[42] In *Ben Bolt-Palito Blanco CISD*, the court held that a breach of contract claim for payment of insurance proceeds against a self-insured interlocal risk pool — like the one in this case — fall within the statutory waiver of sovereign immunity at Section 271.152.[43]

TASB concedes, as it now must, that immunity to the College's breach of contract claim and claim for actual damages are waived under Section 271.152 of the Texas Local Government Code because the text provides a clear and unambiguous waiver of TASB's immunity for such claims. *Id.* The statute provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.[44]

The Texas Supreme Court has concluded: "The statute's plain language allows for enforcement of contracts against local governmental entities by waiving their immunity from suit."[45] TASB in that case tried to argue that the waiver in Section 271.152 did not apply to self-insurance funds, but the court squarely rejected that contention by holding:

---

[42] *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Casualty Joint Self-Insurance Fund*, 212 S.W.3d 320 (Tex. 2006).

[43] *See Ben Bolt-Palito Blanco CISD,* 212 S.W.3d at 323.

[44] *See* Tex. Loc. Gov't Code § 271.152.

[45] *Ben Bolt-Palito CISD*, 212 S.W.3d at 327.

There is no indication that the Legislature intended to exclude self-insurance fund agreements from enforcement. While the mere act of self-insuring does not itself constitute a waiver of immunity, *see* Tex. Gov't Code §2259.031, entering into 'a written contract stating the essential terms of [an] agreement for providing goods or [insurance] services to [a] local governmental entity' clearly does.[46]

There is no doubt that this case as pled against TASB on the basis of a breach of a written contract contains the essential terms of an agreement for providing insurance services to a local governmental entity and is clearly stated in Plaintiff's Original Petition.[47] Thus, without question, TASB's immunity is waived for the College's breach of contract action seeking contractual damages and attorneys' fees under Subchapter I of Chapter 271 of the Texas Local Government Code as a matter of law.[48] TASB concedes, in an obtuse manner, that the College's breach of contract claim falls within the statutory waiver of sovereign immunity.[49] TASB further confirms this by only filing a partial plea to the jurisdiction and not challenging the College's breach of contract claim.[50]

---

[46] *Ben Bolt-Palito CISD*, 212 S.W.3d at 327.

[47] CR 6, at ¶3; CR at 9:¶18–10:¶20; CR 12 at ¶¶35–42; *see also* CR 56–66 (Interlocal Participation Agreement); CR 67–102 (Property Coverage Agreement).

[48] *Colorado ISD*, 660 S.W.3d at 771 ("[I]t is undisputed that the Fund is a local governmental entity subject to the provisions of the Act, and that the self-insurance policy held by CISD as a member of the Fund is a contract that falls under the Act's waiver of governmental immunity."). *See Ben Bolt-Palito Blanco CISD*, 212 S.W.3d at 322–323.

[49] Appellant/Cross-Appellee's Brief at 23–24, 28.

[50] *See generally* CR 35–43 (leaving out any challenge to the College's breach of contract claim).

Therefore, to the extent that the College's factual allegations and defenses are in support of the College's breach of contract claim and do not seek separate relief, immunity has been waived.[51]

**B.**     **The College's sole cause of action before the District Court was the <u>College's breach of contract claim for which immunity has been waived.</u>**

The College's sole cause of action in this lawsuit that was before the District Court was its claim for breach of contract and the damages sought under this sole cause of action is the College's actual damages, attorney's fees, allowable interest under the law, and finally, the consequential damages allowed under section 271 for the increased costs of construction as a result of "owner-caused delays".

The College has never asserted a claim for non-contractual damages that TASB complains of other than for attorney's fees, interest allowed under the law, and the consequential damages of the increased cost of construction that are the result of TASB's delay in fulfilling its obligation under the Agreement.[52] For example, the College never pled as a separate claim or sought relief for fraud and has never sought "exemplary, and treble damages" despite TASB's assertions.[53] Many of the "claims" TASB complains of are merely factual allegations or theories

---

[51] *Colorado ISD*, 660 S.W.3d at 773.

[52] *See, e.g.*, CR 44 at ¶26 (claiming the College seeks to recover based on tortious allegations of fraud).

[53] *Compare* CR 43, *with* CR 12–13.

asserted by the College to support its breach of contract claim.[54] Further, to the extent the College has asserted a right to relief for extracontractual consequential damages, the College immediately noted that the consequential damages being sought were only those linked to delay by TASB for benefits owed under the Agreement that has resulted in an increase in the costs of construction.[55]

The crux of TASB's Partial Plea to the Jurisdiction actually challenged whether the College may (1) assert any other defensive claims in support of its breach of contract cause of action, such as to rebut Appellant's affirmative defenses, and (2) whether the College may recover certain consequential damages related to the increased cost of materials and labor due to TASB's breach of the contract and delay in timely paying the College for the covered damages.

At the hearing TASB focused on lumping the College's claim for delay damages that have resulted in an increase of the costs of construction as part of other impermissible damages, such as treble and exemplary damages, which the College has never asserted a claim for in this lawsuit.[56] However, as addressed below, the only type of consequential damages the College seeks to recover at trial, after presenting evidence, is the increased costs of construction to repair and replace

---

[54] CR 8–13 at ¶¶12–42; *see also* CR 20 at ¶83.

[55] CR 11 at ¶34.

[56] RR 6:13–20

damaged property as a result of TASB's improper denial and delay.[57]

These types of damages are explicitly allowed to be recovered pursuant to the statute passed by the Texas Legislature. Defendant's attempt to narrow the construction of the statute is both illogical and ignores the fact that at a minimum the College's pleadings present a fact issue that asserts a right to at least some type of consequential damages that is recoverable under the statute due to TASB's "owner-caused delays".

C.      **Delay damages sought by the College are explicitly allowed under the Act.**

Section §271.152–153 allows certain remedies to be subject to the waiver of immunity. Under the statute, a claimant pursuing a breach of contract action against a governmental subdivision can seek the following enumerated remedies:

> (1) the balance due and owed by the local governmental entity under the contract as it may have been amended, including **any amount owed as compensation for the <u>increased cost</u> to perform the work as a direct result of owner-caused <u>delays</u> or acceleration**;
>
> (2) the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract;
>
> (3) reasonable and necessary attorney's fees that are equitable and just; and
>
> (4) interest as allowed by law, including interest as

---

[57] *Infra* **Section VII.C.**

calculated under Chapter 2251, Government Code.[58]

The balance "due and owed" means damages resulting from the breach of the contract – that is damages measured as "the necessary and usual result of the Appellant's wrongful act" in violation of the terms of the contract.[59] The statute generally excludes "consequential damages," or exemplary damages.[60]

### 1.  *The Statute expressly allows for delay damages.*

Despite generally excluding "consequential" damages, the legislature explicitly allowed for a claimant to claim consequential damages for "the increased cost to perform the word as a direct result of owner-caused delays."[61] Therefore, "[s]ubsections (a)(1) and (b) allow recovery of contract damages, including delay damages, but excluding other consequential damages."[62] "We conclude that the Local Government Contract Claims Act waives immunity for a contract claim for delay damages not expressly provided for in the contract."[63]

The Court in *City of Mesquite* noted that because of this, the question of what damages are being claimed is a matter that generally is best for a trial court to address

---

[58] TEX. LOC. GOV'T CODE § 271.153 (emphasis added).

[59] *Zachry*, 449 S.W.3d at 111.

[60] *Id.*

[61] TEX. LOC. GOV'T CODE § 271.153(1).

[62] *See Zachry*, 449 S.W.3d at 112.

[63] *Id*. at 114.

at the later stages of litigation with a full record.[64]

The College's Original Petition states that the College seeks to recover, in addition to its actual damages from TASB's breach of the contract and delay of payment of owed for benefit, damages "related to Plaintiff's inability to make necessary repairs, ***increased costs of construction*** . . . ."[65] While the College may have used the common legal phrase "consequential damages" to help explain these additional costs which were distinguished from direct damages owed under the contract, this classification does not by itself exclude the College from recovering these additional costs.[66] The College seeks damages related to the **increased costs of construction from delay** pursuant to Section 271.153.[67] Specifically, the College's claim for such delay damages is supported by the College's allegations that it was TASB's conduct in acting arbitrary and capricious, wrongful interference, and bad faith actions[68]

---

[64] *City of Mesquite v. PKG Contracting, Inc.*, 263 S.W.3d 444, 448 (Tex. App.—Dallas 2008, pet. denied) ("The trial court is in the best position following further proceedings to determine whether PKG is able to recover some, all, or none of the damages and remedies it claims.").

[65] CR 11 at ¶34.

[66] *See Tooke v. City of Mexia*, 197 S.W.3d 325, 344–46 (Tex.2006) (concluding Tooke's claim was only for lost profits, which are consequential damages excluded from recovery under the statute).

[67] *See* CR 11 at ¶ 34; *see also* TEX. LOC. GOV'T CODE § 271.153(1). "[T]he increased cost to perform the word as a direct result of owner-caused delays.") (emphasis added).

[68] It is important to note that the College is not making separate claims of fraud or bad faith against TASB based on these factual allegations, but is alleging TASB's wrongful conduct that caused the delay damages recoverable under the Act in addition to TASB's failure to perform under the

The College's pleading clearly does not seek damages related to "lost profits" but rather for **increased costs of construction** which is nearly identical to what the legislature has expressly allowed a claimant to recover in a breach of contract case against a governmental entity like TASB.[69]

### 2. *"Owner-caused delays" encompass TASB's actions.*

During a hearing on this issue TASB improperly attempted to narrow the statute by claiming the College's right to such consequential delay damages was precluded due to the phrase "owner-caused delays".[70] TASB asserted that in this case the College is the owner of the Property and that TASB could therefore not be the "owner" causing the delays.[71] However, as noted in *City of Corpus Christi v. Graham Construction Services, Inc.*, "§ 271.153(a) does not define 'owner-caused delays'" and therefore does not only refer to delays caused by property owners.[72]

Further, TASB presents no case law or statute that "owner" under the statute

contract. Such allegations therefore are not subject to immunity as they merely go to the ultimately liability of TASB on the College's breach of contract claim. *See Zachry Const. Corp. v. Port of Houston Auth. of Harris Cnty.*, 449 S.W.3d 98, 115 (Tex. 2014) (noting the jury found "delay damages resulted from the Port's 'arbitrary and capricious conduct, active interference, bad faith and/or fraud' as those terms were defined in the charge."); Zachry, 449 S.W.3d at 109 ("We disagree . . . the Act makes its waiver of immunity dependent on ultimate liability.").

[69] CR 11 at ¶ 34; *see also* Tex. Loc. Gov't Code § 271.153(a)(1). "[T]he increased cost to perform the work as a direct result of owner-caused delays.")

[70] RR 9:11.

[71] RR 9:11.

[72] *City of Corpus Christi v. Graham Constr. Services, Inc.*, No. 13-19-00367-CV, 2020 WL 3478661, at *3 (Tex. App.—Corpus Christi–Edinburg June 25, 2020, pet. denied).

is defined as the owner of property as opposed to an owner of a program. In fact, the *City of Corpus Christi* Court rejected a similar argument from a governmental entity that attempted to cast a plaintiff contractor suing for delay damages pursuant to Section 271.153(a) as the cause of the delay instead of the City of Corpus Christi.[73] The Court in *City of Corpus Christi* disagreed that it must mean property owner and further noted that the contract that was the basis of the lawsuit identified another party as the owner precluding the trial court from granting the City's plea to the jurisdiction due to a "genuine issue of material fact regarding this jurisdictional issue."[74]

The legislative history also further proves that the legislature did intend to limit this to a property owner specifically.[75] The legislative history clearly shows the "delay" language was intended to allow a plaintiff to recover additional damages against an "entity" for increased costs "caused by the entity . . . delaying the plaintiff's performance."[76] This is the exact scenario pled by the College here where the College alleges TASB's failure to timely determine the full amount of damages and pay the full costs of the damages owed under the Agreement that the College

---

[73] *Id.*

[74] *Id.*

[75] *See* App. A at p. 3 ("The bill would limit a judgment against **the entity** . . . including [for] any amount owed for increased costs borne **by the plaintiff** to perform the contract caused by the entity either delaying the plaintiff's performance or accelerating the contract.") (emphasis added).

[76] *See id.*

was unable to perform its obligations under the Agreement.[77]

Here, TASB is the owner of TASB's risk management programs, including for property coverage.[78] The College has sued TASB as the owner of the property coverage service program for its failure to provide the agreed-to service thus breaching the contract and causing delays.[79] Therefore, similar to *City of Corpus Christi*, there is evidence in the contract that it is actually TASB who is the owner of the fund program which caused the delays in timely paying benefits owed to the College under the Agreements which has now led to the increase in the costs of construction.[80] At a minimum, TASB's own exhibits have raised a genuine issue of material fact regarding this jurisdictional issue.[81]

**D.** **_Zachry_ only disagreed with _City of Mesquite_ to the extent it allowed damages not waived under the statute; but _Zachry_ still permits claims for <u>increased construction costs due to delay.</u>**

Supporting the fact that the specific consequential damages the College is seeking in this case is the Texas Supreme Court's opinion in *Zachry* where the Court

---

[77] CR 11 at ¶¶30–34

[78] CR 56 ("This Agreement enables Fund Member to participate in one or more of the **Fund's available programs**, including . . . property . . . .") (emphasis added); *see* RR 16:15–17:8 (discussing TASB's ownership of financial assets including contributions from fund members and "realized investment income").

[79] CR 6 at ¶3; CR 10 at¶21 ("TASB provided risk coverage for the Campus that is the subject of this lawsuit.").

[80] *See City of Corpus Christi*, 2020 WL 3478661, at *3 ("However, § 271.153(a) does not define 'owner-caused delays.' And the contract identified Carollo as the 'Owner's Representative.'").

[81] *See Miranda*, 133 S.W.3d at 228; *Roma ISD*, 2012 WL 3025927, at *2 (concluding immunity was waived based on fact issue concerning jurisdiction).

only denounced consequential damages ***other than*** damages for "owner-caused delay".[82] As a result, the Texas Supreme Court specifically acknowledges that the Act does not prohibit all consequential damages as TASB suggests.

In *Zachry*, a contractor sought approximately $30 million in damages for delays caused by the Port Authority of Houston during the construction of a wharf and retaining walls on the Bayport Ship Channel.[83] The suit was filed despite a "no-damages-for-delay clause" specifying that the Port Authority would never be liable for delay damages to Zachry or its subcontractors even if the delays were caused by the Port Authority's "negligence, breach of contract or other fault."[84] Zachry argued that this clause could not be enforced to preclude a claim for delay resulting from "intentional" conduct by the Port Authority and the district court and court of appeals agreed with *Zachry*.[85]

In response, the Port Authority argued that even if the no-damages-for delay clause was unenforceable as against intentional conduct, the contract was still otherwise silent on the recovery of delay damages sought by Zachry and, thus, Zachry sought damages beyond those expressly provided by the contract.[86] The

---

[82] *Zachry*, 449 S.W.3d at 110–11 ("Section 271.153(b) precludes recovery of consequential damages, 'except as expressly allowed under Subsection (a)(1)'".).

[83] *Zachry*, 449 S.W.3d at 102–103.

[84] *Id*. at 103.

[85] *Id.*

[86] *Id.*

Supreme Court of Texas granted review and addressed the question of whether §271.152 "waives a local governmental entity's immunity from suit on a contract claim for delay damages the contact does not call for."[87] The analysis of this question was then broken down further into two separate parts: (1) whether the Act's limitations on recovery help define and restrict the scope of the waiver of immunity (it does, the court held), and (2) whether the delay damages sought are permitted by the Act (they were, the court held).[88] The Court's answer in the affirmative to both of these questions makes clear that the College's recovery of these damages as plead are allowed.

By concluding that §271.152-153 only allowed certain categories of damages to be subject to the waiver of immunity, including claims seeking amounts "due and owed/owing," the court generally construed this to mean that either section 271.153 must expressly provide for the type of damages sought against the governmental entity for immunity to be waived or else the damages must be direct damages provided for under the contract.[89]

Of course, on the facts of *Zachry*, the court needed to look no further than the terms of the statute itself, which had been amended to expressly allow "any amount

---

[87] *Id.* at 104.

[88] *Id.*

[89] *Id*. at 110-112.

owed as compensation . . . . for owner-caused delays."[90] The court concluded that this provision expressly waived immunity from claims for owner-caused delay damages even if such damages are "not expressly provided for in the contract."[91] The Texas Supreme Court in *Zachry* did note in its footnote 54 that it "disapprove[d] . . . cases to the extent they are to the contrary" in permitting damages not permitted under Section 271.153,[92] however, the Court still clearly stated that "Subsections (a)(1) and (b) [of the Act] allow recovery of contract damages, including delay damages, but excluding other consequential damages."[93]

For example, one such case that the *Zachry* Court referenced in slight disapproval was *City of Mesquite v. PPKG Contracting, Inc.*, 263 S.W.3d 444, 447 (Tex. App.—Dallas 2008, pet. denied) which the College also relies on.[94] But it is important to note that the reason the *Zachry* Court pointed to the *City of Mesquite* was not to reverse the opinion but to explain and clarify *the type* of consequential damages that are permitted under section 271.153 of the Act.[95] In fact, the *Zachry* Court actually appeared to approve of the *City of Mesquite* opinion regarding consequential damages due to the fact that the *City of Mesquite* court specifically

---

[90] *Id*.; TEX. LOC. GOV'T CODE § 271.152(a)(1).

[91] *Zachry*, 449 S.W.3d at 114.

[92] *Id* at 110.

[93] *Id.* at 112.

[94] *Zachry*, 449 S.W.3d at 110, n.54.

[95] *See id.*

"pointed out that the record did not establish that the claim was **solely** for damages excluded by the statute, and cited *Tooke.*"[96]

The Texas Supreme Court noted this important fact because the statute expressly allows suit for recovery of damages due and owed/owing under a contract with a governmental subdivision and this contract expressly provides for the recovery of the damages sought by the College – i.e., the amount of the loss measured as Replacement Cost Value.[97] Further, the statute explicitly permits the recovery of consequential damages that are being sought by the College — the amount for the increased costs of construction due to TASB's delay in paying for the covered damages.[98]

The only aspect of the *City of Mesquite* case and the other cases with which the Supreme Court specifically disagreed was where those appellate courts did not grant a plea to the jurisdiction where the claimants sought a measure of damages that was not either expressly provided for either in the Act or direct damages from breach of the contract in question.[99] For example, in *City of Mesquite*, the claimant sought recovery of consequential damages stemming from "implied" duties in the contract

---

[96] *Id.* (emphasis added).

[97] CR 61; *see also* CR 69–70 (Agreement subsection 4.2).

[98] Tex. Loc. Gov. Code § 271.153(a)(1); § 271.153(b); *Zachry*, 449 S.W.3d at 112 ("Subsections (a)(1) and (b) allow recovery of contract damages, including delay damages, but excluding other consequential damages.").

[99] *Zachry*, 449 S.W.3d at 110.

and not direct damages under the contract's terms or damages authorized by the statute.[100] The court in *City of Mesquite* did not authorize these additional damages, but instead noted that the suit was not solely limited to damages that were unavailable under the statute, and therefore denied the plea to the jurisdiction.[101]

The College's claim is readily distinguishable because there is no reasonable dispute that the insurance contract expressly provides for the RCV damages pled by the College[102]; such damages would be direct damages from the breach of the contract and thus "due and owed" under §271.153.[103] This is precisely how footnote 54 was recently understood by another Texas court examining a similar issue – the *Zachry* court only disapproved with a specific aspect of *Roma ISD*.[104]

With that in mind, it is also clear what specifically the *Zachry* court disagreed with in these cases – the allowance of consequential damages excluded from the waiver by section 271.153. For example, the *Zachry* Court disapproved of the Court

---

[100] *City of Mesquite*, 263 S.W.3d 444, 447–48.

[101] *Id.* ("We cannot say on this record that PKG's claim for damages is solely for damages excluded by the statute.").

[102] CR 61; *see also* CR 69 ("settlement option offered in either § 4.1 *or* § 4.2 related to this **Damage** . . . .").

[103] *Zachry*, 449 S.W.3d at 111 (defining "due and owed" to "simply mean[s] . . . damages payable and unpaid. Direct damages for breach – 'the necessary and usual result of the defendant's wrongful act' – certainly qualify") (quoting *Basic Capital Mgmt. v. Dynex Commercial, Inc.*, 348 S.W.3d 894, 901 (Tex. 2011)).

[104] *See City of Corpus Christi*, 2020 WL 3478661, at *4 n.2 ("However, *Zachry* only disapproved of *Roma* to the extent that [the *Roma* court] concluded that § 271.153 cannot serve as a proper basis for granting a plea to the jurisdiction.").

in *Roma ISD* because the contractor sought recovery, in part, of additional costs of construction resulting from concealed conditions on the property as consequential damages.[105] The damages sought for additional work were not expressly authorized under the contract in *Roma ISD* and were prohibited by the statute as consequential damages not otherwise permitted under the Act.[106] This is the aspect of *Roma ISD* with which the supreme court disagreed – in the court's own words to the extent it allowed a claim for "damages not recoverable under section 271.153."[107]

Here, by contrast, the RCV damages sought are expressly made due and owed/owing under the contract as an available measure of the direct contractual benefit owed for a covered loss and therefore fall within the statute's waiver of sovereign immunity.[108] Further, the College does not seek consequential damages for anything other than the increased cost of construction due to TASB's delays as explicitly permitted under Section 271.153.[109]

The holding of *Zachry* in this regard is nothing more than the conclusion that immunity is not waived when a claimant solely seeks "damages not recoverable

---

[105] *Roma ISD*, 2012 WL 3025927, at *1 ("claiming the District failed to pay Ewing for: (1) costs for additional work required to complete the project or required to be undertaken as a result of concealed conditions . . . .").

[106] *See Zachry*, 449 S.W.3d at 111, n.54.

[107] *Id.* at 111.

[108] *See* TEX. LOC. GOV'T CODE § 271.153(a)(1); *see also* CR 69.

[109] *See id.*

under section 271.153."[110] "The waiver does not depend on ultimate liability," but "does require a showing of a substantial claim" seeking some relief that meets the Act's conditions.[111]

## CONCLUSON & PRAYER

The District Court erred in granting TASB's Partial Plea to the Jurisdiction to the extent the Court granted dismissal for the College's claim for consequential damages for the increase cost of construction due to TASB's delays which is permitted under TEX. LOC. GOV'T CODE § 271.153. Therefore, the order of the District Court should be reversed to the extent it denies the College's recovery of damages caused by TASB's "owner-caused delay[s]", such as the increased costs of materials and labor and other such delay damages that are a direct result of TASB's actions throughout the Claim. This issue should proceed on the merits in the District Court so that a jury may deliberate these statutorily permitted damages and award such delay damages based upon the evidence presented at trial.

---

[110] *Zachry*, 449 S.W.3d at 109; *San Antonio River Auth. v. Austin Bridge & Rd., L.P.*, 601 S.W.3d 616, 630 (Tex. 2020); *see also Primestar Constr., Inc. v. City of Dallas*, No. 05-17-01447-CV, 2019 WL 1033978, at *4 (Tex. App.—Dallas Mar. 5, 2019, pet. denied) ("In *Zachry*, the court explained that immunity is not waived when a plaintiff seeks 'only damages not recoverable under section 271.153.'") (quoting *Zachry*).

[111] *Primestar*, 2019 WL 1033978, at *4.

Respectfully submitted,

**/s/ Vincent P. Circelli**
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Andrew D. Spadoni
State Bar No. 24109198
aspadoni@dcclawfirm.com
Sarah Arroyo
State Bar No. 24138756
sarroyo@dcclawfirm.com

**DUGAS & CIRCELLI, PLLC**
4800 Bryant Irvin Ct.
Fort Worth, Texas 76107
Telephone: (817) 817-7000
Facsimile:      (682) 219-0761

**ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF COMPLIANCE

1. This petition complies with the type-volume limitations of Texas Rules of Appellate Procedure 9.4 because it contains 8,109, excluding the parts exempted by the Texas Rules of Appellate Procedure.

2. This petition complies with the typeface requirements of Texas Rules of Appellate Procedure 9.4(e) because this response has been prepared in a proportionally spaced typeface using "Microsoft Word for Microsoft 365 MSO" in 14 point "Times New Roman" style font.

*/s/Vincent P. Circelli*
Vincent P. Circelli

## CERTIFICATE OF SERVICE

I certify that on this October 2, 2025, a true and correct copy of the foregoing document was forwarded to the following Respondent and Real Party in Interest in accordance with Texas Rule of Appellate Procedure 9.5(b).

*__Via Electronic Service__*
Jack W. Higdon (Trial and Appellate)
State Bar No. 24007360
jack.higdon@blankrome.com
Barry Abrams (Appellate)
State Bar No. 00822700
barry.abrams@blankrome.com
Joshua A. Huber (Appellate)
State Bar No. 24065457
josh.huber@blankrome.com
Gregory J. Moore (Trial)
State Bar No. 24055999
greg.moore@blankrome.com
Christopher W. Caudill (Trial)
State Bar No. 24104717
christopher.caudill@blankrome.com

**BLANK ROME LLP**
717 Texas Avenue, Suite 1400
Houston, Texas 77002-2727

Clarissa M. Rodriguez
State Bar No. 24056222
cmrodriguez@rampagelaw.com
Lori Hanson
State Bar No. 21128500
lwhanson@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ
BERNAL SANTEE & ZECH, P.C.**
2517 N. Main Avenue
San Antonio, Texas 78212

35

_**/s/Vincent P. Circelli**_

Vincent P. Circelli

# IN THE FIFTHTEENTH COURT OF APPEALS OF TEXAS

**TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND**
*Appellant/Cross-Appellee*

**vs.**

**SOUTHWEST TEXAS JUNIOR COLLEGE**
*Appellee/Cross-Appellant*

Appeal from the 38th Judicial District Court
Uvalde County, Texas, No. 2023-11-35269-CV
The Honorable Kelley T. Kimble, Presiding Judge

## APPENDIX

| Appendix | Document |
|---|---|
| A | House Research Organization: Bill Analysis (4/20/2005) |

# APP. A

SUBJECT:       Waiving local government sovereign immunity for contract disputes

COMMITTEE:     Civil Practices — committee substitute recommended

VOTE:          7 ayes —  Nixon, Rose, P. King, Madden, Raymond, Strama, Woolley

               0 nays

               2 absent —  Martinez Fischer, Talton

WITNESSES:     For — Gregory Cokinos, AGC – Texas Building Branch; Anna Farris,
               Associated Builders and Contractors of Greater Houston and ABC of
               Texas; Richard Ringo, RBR Construction; Tom Vaughn, Vaughn
               Construction; John R. Ward, Texas Surety Federation; Paul Workman,
               Workman Commercial

               Against — Todd Clark, Texas Association of School Boards and Council
               of School Attorneys; Keith Stretcher, City of Midland

BACKGROUND:    The doctrine of sovereign immunity precludes a party from asserting an
               otherwise meritorious cause of action against a government entity unless
               the government consents. The Legislature has waived sovereign immunity
               for both the state and for counties in contract lawsuits. There is
               disagreement as to whether sovereign immunity has been waived for other
               local government entities (such as cities and school districts) in contract
               cases. The Texas Supreme Court is currently considering several cases that
               deal with the issue.

DIGEST:        CSHB 2039 would waive sovereign immunity for local government
               entities for claims arising under contracts that the entity entered into.  The
               bill would apply to political subdivision of the state, other than a county or
               a unit of state government, and would include a municipality, a public
               school district or junior college district, and a special-purpose district,
               such as a navigation district.

               A plaintiff could sue the entity in either county or state court for a claim
               arising under a written contract for goods or services. The plaintiff would
               not be able to sue the entity in federal court as the bill expressly would
               maintain sovereign immunity against suits brought in federal court.

The bill would limit a judgment against the entity to the following:

- the balance owed by the entity under the contract, including any amount owed for increased costs borne by the plaintiff to perform the contract caused by the entity either delaying the plaintiff's performance or accelerating the contract;
- the amount owed for change orders or additional work required to carry out the contract; and
- interest allowed by law.

The bill would not allow the following damage awards:

- consequential damages (losses that did not flow directly from the defendant's wrongful act) except for an amount owed for increased costs borne by the plaintiff to perform the contract caused by the entity either delaying the plaintiff's performance or accelerating the contract;
- exemplary damages (damages awarded in addition to actual damages when the defendant acted with recklessness, malice, or deceit and meant to punish and thereby deter blameworthy conduct); or
- damages for unabsorbed home office overhead.

Adjudication procedures agreed to in the contract (including a requirement for serving notice to the other party or engaging in alternative dispute resolution before bringing a suit) between the plaintiff and the entity would be enforceable unless they conflicted with another provision in the bill.

The bill state that it is not intended to affect in any way the sovereign immunity of a local government entity for a lawsuit arising from a contract executed before September 1, 2005. The bill would take effect September 1, 2005, and would apply to contracts executed on or after that date.

SUPPORTERS SAY:

CSHB 2039 would bring fairness to business relationships between contractors and local government entities, thus encouraging top contractors to take on government contracts. Under current law, a plaintiff cannot sue a local government entity for a claim that arises from a contract. This creates a fundamentally unfair situation that denies redress, for example, to a contractor who completed a project for a city that refused to pay. As a result, to protect themselves from potentially irrecoverable

losses, certain contractors do not bid for local government contracts. Some of the best and most experienced contractors choose to bid only on other contracts while small contractors effectively are shut out of the bidding process because they cannot afford the risk of contracting with local governments. In the end, all that local government entities may be left with to receive bids are sub-par contractors.

Another problem resulting from the inability of a contractor to bring suit against government entities is that contractors often submit bids that are artificially high or perform substandard work. They do this to provide themselves with an informal type of insurance — if they overcharge enough local government entities or save money on each job by cutting corners, contractors financially are better equipped to absorb losses from government entities that refuse to pay. This creates a situation where local government entities often pay more for a contract job than the fair market value. CSHB 2039 would provide reasonable assurance to contractors that they would receive payment, or at least the opportunity to seek redress, in exchange for performing competent work at a fair price.

OPPONENTS
SAY:

The bill's provision stating that sovereign immunity would be waived for any claim "arising under the contract" is too broad. It is unclear from this language whether a plaintiff could bring a claim only for breach of contract, or whether the plaintiff could bring any claim — such as fraud — based on the contract. Government Code, ch. 2260, which allows a contractor to bring a claim against the state, limits a contractor to breach of contract claims. It would be fair and reasonable to include a similar limitation in this bill.

Local Government Code, sec. 262.007, which waives the sovereign immunity of counties in claims arising from contracts they entered, waives a county's sovereign immunity only for claims involving a contract for engineering, architectural, or construction services or for goods related to those contracts. By not limiting the type of contract for which a local government entity could be sued, local government entities would be exposed to a vast amount of liability based on any contracts they entered.

OTHER
OPPONENTS
SAY:

The bill should allow recovery for attorney's fees. Local Government Code, sec. 262.007, which waives sovereign immunity for certain contract claims against counties, allows for the recovery of attorney's fees. A contractor should be able to collect attorney's fees against a city or other local governmental entity also.

NOTES:     The bill as introduced would have allowed for the recovery of attorney's fees from the local government entity as part of the plaintiff's judgment award.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jen Saenz on behalf of Vincent Circelli
Bar No. 24058804
jen@pjdlawfirm.com
Envelope ID: 106394425
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Appellee/Cross-Appellant's Brief
Status as of 10/3/2025 7:48 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Barry Abrams | | barry.abrams@blankrome.com | 10/2/2025 5:01:21 PM | SENT |
| Jack Higdon | | jack.higdon@blankrome.com | 10/2/2025 5:01:21 PM | SENT |
| Joshua Huber | | josh.huber@blankrome.com | 10/2/2025 5:01:21 PM | SENT |
| Penny Johnson | | penny.johnson@blankrome.com | 10/2/2025 5:01:21 PM | SENT |
| Gregory J.Moore | | Greg.Moore@BlankRome.com | 10/2/2025 5:01:21 PM | SENT |
| Preston J.Dugas III | | pdugas@dcclawfirm.com | 10/2/2025 5:01:21 PM | SENT |
| Vincent P. Circelli | | vcircelli@dcclawfirm.com | 10/2/2025 5:01:21 PM | SENT |
| Andrew D. Spadoni | | aspadoni@dcclawfirm.com | 10/2/2025 5:01:21 PM | SENT |
| Sarah Arroyo | | sarroyo@dcclawfirm.com | 10/2/2025 5:01:21 PM | SENT |
| Clarissa Rodriguez | | cmrodriguez@rampagelaw.com | 10/2/2025 5:01:21 PM | SENT |
| Liniuse Umunna | | Liniuse.Umunna@blankrome.com | 10/2/2025 5:01:21 PM | SENT |
| Noorhan Chahal | | noorhan.chahal@blankrome.com | 10/2/2025 5:01:21 PM | SENT |
| Yvette Manzano | | yvette.manzano@blankrome.com | 10/2/2025 5:01:21 PM | SENT |
| Christopher W.Caudill | | Christopher.Caudill@BlankRome.com | 10/2/2025 5:01:21 PM | SENT |
| Amy Easley | | aeasley@dcclawfirm.com | 10/2/2025 5:01:21 PM | SENT |